Under these facts, I believe Mississippi Valley Title Insurance Company, through its agent, Richard Chesnut, had a duty to disclose to the Clementses that there were materialmen who had not been paid (a fact known to Chesnut, who was the agent of Mississippi Valley), and that the policy Chesnut was issuing to the Clementses contained a provision excluding coverage of those claims. I also believe that Chesnut had a duty to inform the Clementses that the policy he was issuing to AmSouth Mortgage Company on behalf of Mississippi Valley did not contain that exclusion.
This Court has traditionally recognized a duty to disclose where one party has some *Page 1177 
particular knowledge or experience not shared by the opposite party. Lucas v. Hodges, 589 So.2d 154 (Ala. 1991).
At the closing here, everybody in the room, except the Clementses, knew that there were outstanding debts owed bythe seller to subcontractors, and knew that the Clementses would be liable for liens filed against the property after the closing, but failed to tell them that the policy about to be issued would exclude coverage for those very liens. Mississippi Valley and its attorney agent had a duty to disclose those facts. Stafford v. Mississippi Valley Title InsuranceCo., 569 So.2d 720 (Ala. 1990).
HORNSBY, C.J., concurs.